**Lila DAVIS, Plaintiff-Appellant,**

v.

**PILOT CORPORATION OF AMERICA, Defendant-Appellee.**

**No. 05–4746–cv.**

United States Court of Appeals, Second Circuit.

April 26, 2006.

Max F. Brunswick, New Haven, CT, for Plaintiff-Appellant.

Michael J. Soltis, Jackson Lewis, LLP, Stamford, CT, for Defendant-Appellee.

**76**

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DENNIS JACOBS, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff Lila Davis claims that her employer discriminated against her on the basis of race in terminating her employment. We assume familiarity with the facts, the procedural history, and the issues on appeal. This Court reviews a grant of summary judgment *de novo. Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir.2004).

To survive summary judgment, Davis must establish a *prima facie* discrimination case. Thereafter, if the employer articulates a legitimate, nondiscriminatory reason for the termination, the plaintiff must adduce evidence suggesting that the legitimate reason is a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Even if we assume, *arguendo*, that a *prima facie* discrimination case was established, the employer articulated a legitimate, non-discriminatory reason for the termination: Davis's inability to process a sufficient number of customer orders. Though Davis claims to have been singled out for unfair treatment, such an allegation does not satisfy plaintiff's burden to show that the proffered reason is pretext for a discriminatory motive. *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231, 235 (2d Cir. 2002) ("Even if [plaintiff's] highly dubious claim that [s]he was unfairly singled out for punishment ... is credited, [plaintiff] has done little more than cite to [alleged] mistreatment and ask the court to conclude that it must have been related to [her] race. This is not sufficient." (internal quotation omitted)).

For the foregoing reasons, the judgment of the district court is affirmed.